IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| JANE FRASER and JEFF KILGORE, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CV 224-050 |
| | * | |
| SEA ISLAND COMPANY, LLC; | * | |
| BRIDGES AND ROADS, LLC; SIA | * | |
| PROPCO I, LLC; and WILLIAM | * | |
| FALLON, in his official | * | |
| capacity as the County Manager | * | |
| for Glynn County, Georgia, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Presently pending before the Court are Defendant William Fallon's motion to dismiss (Doc. 10); Defendants Sea Island Company, LLC; Bridges and Roads, LLC; and SIA Propco I, LLC's (collectively, the "Sea Island Defendants") motion to dismiss (Doc. 13); and Plaintiffs' motion to remand (Doc. 17). For the following reasons, Plaintiffs' motion to remand is **GRANTED**, and the case shall be remanded to the Superior Court of Glynn County, Georgia (the "Superior Court").

**I. BACKGROUND**

Plaintiffs filed suit in the Superior Court on February 7, 2024 (the "Complaint"). (Docs. 1-2; 1-3; 1-4; 1-5; 1-6; 1-7.)

The Complaint is one of three related and contemporaneously filed suits seeking declaratory, equitable, and other relief related to the use of public roads on Sea Island, a barrier island in Georgia. (Doc. 1-2, at 4.) In this suit, Plaintiffs seek: (1) a declaration against the Sea Island Defendants that Glynn County's (the "County") purported abandonment of certain roads to the Sea Island Company was ultra vires and all such transfers are void; (2) a declaration that the County's purported transfer of certain roads to the Sea Island Company that were never properly abandoned was ultra vires and void; (3) a permanent injunction enjoining the Sea Island Defendants from denying public access to the roads; (4) a mandatory injunction to compel the Sea Island Defendants to remove the gate house and allow public access to the roads; (5) an alternative declaration that if the County properly abandoned a segment of the roads, title in that segment reverted to the successors in title; (6) an order of ejectment against the Sea Island Defendants from possessing and exercising dominion over the roads; (7) a writ of mandamus against the County Manager; (8) and recovery for attorneys' fees and expenses. (Doc. 1-6, at 1-16; Doc. 1-7, at 1-12.)

On March 27, 2024, the Sea Island Defendants removed the case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1, at 1.) They assert there is diversity jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity between the Parties,

2

and the amount in controversy exceeds $75,000.00. (Id. at 3.) The Sea Island Defendants base this assertion on their position that Fallon, the County Manager, was fraudulently joined in an attempt to defeat diversity jurisdiction, and if his citizenship is disregarded, complete diversity exists. (Id.) Plaintiffs move to remand, arguing Fallon was not fraudulently joined and his presence in the case destroys diversity. (Doc. 17, at 1.) The Court addresses the Parties' arguments below.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). As such, a defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). The district court may exercise original jurisdiction where the amount in controversy exceeds $75,000, and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1).

The principle is well established that the party seeking removal bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed. Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996); Conn. State Dental Ass'n v.

3

Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). The weight of this burden, however, depends up on the amount in controversy, if any, alleged in the state court complaint. Gen. Pump & Well, Inc. v. Matrix Drilling Prods. Co., No. CV608-045, 2009 WL 812340, at *2 (S.D. Ga. Mar. 26, 2009). "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins., 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. DISCUSSION

The Sea Island Defendants removed based on diversity jurisdiction by relying on their assertion that Fallon's citizenship should be disregarded because he was fraudulently joined. (Doc. 1, at 6.) Diversity jurisdiction requires complete diversity, meaning "*each* defendant is a citizen of a different state from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

4

Plaintiffs are both citizens of Georgia, so all Defendants must be citizens of a state other than Georgia. (Doc. 1-2, at 7.) The Sea Island Defendants consist of Delaware limited liability companies, and the sole members of each of the Sea Island Defendants are also Delaware limited liability companies. (Doc. 1, at 3-4.) This is undisputed by the Parties. The only disagreement pertains to Fallon's presence in the suit. (Id.; Doc. 17.)

**A. Basis of Suit**

Before completing the fraudulent joinder analysis, the Court must take a deeper dive into the basis of the suit. Plaintiffs seek declaratory judgment and injunctive relief against the Sea Island Defendants related to the roads on Sea Island. (Doc. 1-2, at 4-5.) They request the Court declare the abandonment of numerous portions of the roads was ultra vires and void, all subsequent transfers are void, and the Sea Island Defendants should be estopped from blocking public access to the roads. (Doc. 1-6, at 5-16; Doc. 1-7, at 1-7.) It is important to note the posture of this case as one of three related and contemporaneously filed actions. (Doc. 1-2, at 4.) This suit is against the Sea Island Defendants and Fallon. (Id. at 3, 8-9.) However, it asserts the same counts for declaratory relief as a contemporaneously filed case brought in the Superior Court against *only* the County. (Doc. 1-6, at 1 n.22.) Plaintiffs explain that "[s]eparate actions are

5

required because actions seeking declaratory and injunctive relief under Art. I, Sec. II, Para. V(b)(2) of the Georgia Constitution of 1983 must be brought exclusively against the state and in the state's name, thus precluding the naming of other defendants." (Doc. 1-2, at 4 n.2.)

Generally, in Georgia, sovereign immunity bars suit against the State and its employees in their official capacities unless it is waived specifically by a statute or the Constitution. State v. SASS Grp., LLC, 885 S.E.2d 761, 763 (citing Ga. Const. art. I, § 2, ¶ IX(e)). The citizens of Georgia recently voted to amend the Constitution to allow for a new waiver of sovereign immunity allowing citizens to sue the State for declaratory relief. Id. at 763-64 (citing Ga. Const. art. I, § 2, ¶ V(b) ("Paragraph V")). "To take advantage of this new waiver of the doctrine of sovereign immunity, however, the Constitution provides that such actions must be brought 'exclusively' against the State." Id. at 764. The Court understands Plaintiffs filed this suit, which names the Sea Island Defendants and Fallon, separately from the one against the County so as to remain in compliance with Paragraph V's exclusivity requirement.

## B. Fraudulent Joinder

With this posture in mind, the Court turns to the motion to remand and to the question of subject matter jurisdiction. "Fraudulent joinder is a judicially created doctrine that provides

6

an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Courts must retain jurisdiction and "ignore the presence of the nondiverse defendant" when a plaintiff joins a non-diverse party for the sole purpose of defeating diversity jurisdiction. Stillwell v. Allstate Ins., 663 F.3d 1329, 1332 (11th Cir. 2011) (citation omitted).

> To establish fraudulent joinder, "the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court."

Id. (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (alterations adopted)).

The Defendants assert Plaintiffs cannot prove a cause of action against Fallon because he is protected by sovereign immunity when sued in his official capacity, and it has not been waived. (Doc. 1, at 6-7.) They argue Paragraph V provides a waiver of sovereign immunity, but the action must be brought exclusively against the county to obtain it. (Id. at 8-9 (citation omitted).) Since this case is not exclusively against the county, they argue there is no wavier of sovereign immunity, and Plaintiffs cannot possibly establish a cause of action against Fallon. (Id. at 9.)

In their motion to remand, Plaintiffs argue the only relief they seek against Fallon is mandamus relief, which is not barred

7

by sovereign immunity. (Doc. 17, at 6 (citing SJN Props., LLC v. Fulton Cnty. Bd. of Assessors, 770 S.E.2d 832, 837 (Ga. 2015)).) Furthermore, they argue Paragraph V's exclusivity requirement is inapplicable because they did not file their claim against Fallon under Paragraph V, the County is not a party to this suit, and they are not seeking declaratory relief against him. (Id. at 7.) The Court agrees with Plaintiffs.

Paragraph V serves as the basis of the contemporaneously filed case against the County in the Superior Court. (Doc. 1-2, at 4 n.2; Doc. 1-6, at 1 n.22.) However, given Paragraph V's exclusivity requirement, Plaintiffs filed this suit against the other Defendants. Paragraph V leaves no option but to file multiple suits based on the same facts as it requires suits filed under it "be brought exclusively against such county." Ga. Const. art. I, § 2, ¶ V(b)(2). While Plaintiffs' claims for declaratory relief are identical in both suits aside from the named Defendants, the claims against the Sea Island Defendants cannot be decided until there is a decision in the case against the County. Same with Plaintiffs' claim against Fallon. They seek a writ of mandamus against Fallon ordering him to take necessary steps to allow public access onto the roads on Sea Island, to remove the gate house, and to ensure the public roads are maintained. (Doc. 1-7, at 12.) However, like Plaintiffs' claims against the Sea

8

Island Defendants, the requested writ of mandamus is also reliant upon the outcome of the suit against the County.

Plaintiffs' mandamus claim against Fallon is brought under O.C.G.A. § 9-6-20, *et seq.*, which "expressly authorizes claimants to seek relief against a public official whenever a defect of legal justice would ensue from the official's failure to perform or from improper performance of official duties." <u>Consol. Gov't of Columbus v. P&J Beverage Corp.</u>, 810 S.E.2d 640, 643 (Ga. Ct. App. 2018) (internal quotation marks and citation omitted) (alterations adopted). Sovereign immunity does not preclude a claim for mandamus relief. <u>SJN Props.</u>, 770 S.E.2d at 837 (citation omitted). As such, Plaintiffs' mandamus claim against Fallon does not require a waiver of sovereign immunity. The Sea Island Defendants argue Plaintiffs' claim against Fallon relies on Paragraph V, but that is not the case. (<u>See</u> Doc. 25, at 3.) This is especially true in light of the fact Paragraph V applies to "actions . . . seeking declaratory relief," and Plaintiffs seek no declaratory relief against Fallon, only mandamus. Ga. Const. art. I, § 2, ¶ V(b)(1). Because Paragraph V is inapplicable to Plaintiffs' claim against Fallon, or even this suit as a whole, and because there is no sovereign immunity waiver necessary for a mandamus claim, the Court finds Plaintiffs' claim against Fallon can proceed. Since they have asserted a legitimate claim against him, the Court finds he was not fraudulently joined, and since he is a citizen of Georgia,

his presence in the suit defeats diversity jurisdiction. Because this case lacks complete diversity, it must be remanded.

### IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiffs' motion to remand (Doc. 17) is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Glynn County, Georgia, **TERMINATE** all pending motions and deadlines, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of March, 2025.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```